IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER COLDSMITH | : | Civil No. 1:19-CV-01963 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AGENCY INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court are motions in limine filed by Plaintiff Christopher Coldsmith ("Coldsmith") and Defendant Agency Insurance Company ("Agency") regarding evidence they contend should either be admitted or precluded at trial. (Docs. 26, 47, 48, 50, 52, 54, 56, 58.) For the reasons that follow, the court grants several of the motions and denies several of the motions.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action brought under contract law involving a collision between Coldsmith's motorcycle and Robert L. Lehman's ("Lehman") vehicle. (Doc. 1.) According to the allegations in the complaint, on August 17, 2017, Coldsmith was travelling South on Cumberland Highway, State Route 997. (*Id.* ¶ 8.) Coldsmith attempted to complete a turn when Lehman's vehicle and Coldsmith's motorcycle collided. (*Id.*)

1

As a result of the collision, Coldsmith purportedly suffered severe and permanent injuries, including, but not limited to "multiple fractures, lacerations, including of the flexor muscle, fascia and tendon of the left little finger, complete traumatic transphalangeal amputation of left ring finger, open displaced fracture of middle phalanx of left little finger, traumatic amputation of left long finger tip, digital nerve laceration, laceration of digital artery, degloving injury of finger, and was caused immeasurable pain and suffering, as well as mental anguish, severe and substantial emotional distress and loss of the capacity for the enjoyment of life." (*Id.* ¶¶ 11–13, 18.)  Because of these injuries, Coldsmith has incurred and will continue to incur medical expenses "for the care and treatment of his injuries for a long and indefinite period of time in the future" as well as a loss of wages and earning capacity.  (*Id.* ¶¶ 15, 17.)  In addition, Coldsmith will be unable to engage in "normal activities and pursuits."  (*Id.* ¶ 16.)

The complaint alleges that Lehman's insurance did not provide adequate coverage for Coldsmith's claims and damages incurred as a result of the collision. (*Id.* ¶ 19.)  Coldsmith's own policy of motor vehicle insurance with Agency contained a provision for Underinsured Motorist Coverage, which provided "insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, when that vehicle is underinsured at the time of the accident, and the third person is not otherwise

entitled to coverage." (*Id.* ¶ 20.)  The complaint further asserts that on or about October 5, 2017, Coldsmith asserted a claim for underinsured motorist benefits under Agency's policy, "requesting the stacked policy limits, including claims for wage loss and pain and suffering in excess of any settlement with the tortfeasor and/or his insurance company." (*Id.* ¶ 24.)

Coldsmith initiated this action via complaint on November 15, 2019, alleging one count for breach of contract against Agency. (*Id.*)  Agency answered the complaint on January 17, 2020. (Doc. 6.)  In accordance with the court's scheduling order, Coldsmith filed two motions in limine, while Agency filed six motions in limine. (Docs. 26, 47, 48, 50, 52, 54, 56, 58.)  Briefing on the motions in limine is complete, and the motions are ripe for the court's review.

## STANDARD OF REVIEW

Prior to trial, courts may rule on motions in limine involving the admissibility of evidence.  Such motions "narrow the evidentiary issues for trial and . . . eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1069 (3d Cir. 1990).

Generally, relevant evidence is admissible at trial. FED. R. EVID. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  The court, however, may preclude

relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks and citation omitted).

## DISCUSSION

### A. Unopposed Motions in Limine

Pursuant to Local Rule 7.6, failure to timely file an opposition brief results in a motion being deemed unopposed. Here, Coldsmith has failed to oppose Agency's motions in limine to preclude evidence of Agency's insurance policy limits and evidence or testimony in support of future medical damages. (Docs. 50, 54.) Thus, the court will grant Agency's motions in limine. (Docs. 50, 54.)

### B. Coldsmith's Motion to Preclude Witness Ray Coldsmith's Email to Agency

Coldsmith seeks to preclude an email his brother, Ray Coldsmith, sent to Agency's counsel. (Doc. 26.) The email was sent by "coldsmithray@gmail.com" and reads:

> You have a court hearing with Chris coldsmith cause he had a motorcycle accident and Chris coldsmith is my brother and the accident he was in was chris coldsmith fault. Chris Coldsmith my brother told me that he was driving his motorcycle to go buy some drugs and he got a call or text from the person he was buying drugs from and they was meeting him at a church in the opposite direction christopher was going so my brother said he decided to make a quick uturn on a bend in the road and he was not paying attention to traffic coming his way and he looked at last minute and there was a car so I will testify to that and I can't see someone getting paid for their own stupid mistakes just to get drugs

(Doc. 26-1, p. 2.)  Coldsmith argues that this email cannot be authenticated, it is inadmissible hearsay, and the relevancy is outweighed by the danger of unfair prejudice.  (Doc. 26; Doc. 27, pp. 1–3.)  He further moves to restrict and redact any references to this email in defense expert Robert Lynch's report and testimony.  (Doc. 27, pp. 3–4.)  Conversely, Agency argues that the email can be authenticated because of the email address and the specific information contained in the email, as well as through the testimony of Ray Coldsmith.  (Doc. 72, pp. 1–2.)  Agency further submits that the email can be admitted because it is an opposing party's statement under Federal Rule of Evidence 801(d)(2)(A) or a statement against interest under Rule 804(b)(3).  Lastly, Agency argues that Rule 403 does not require the exclusion of the email.

The court will grant Coldsmith's motion because the email constitutes inadmissible hearsay even assuming it could be authenticated.  However, to be clear, the court is not ruling on the admissibility of Ray Coldsmith's testimony

relating Coldsmith's statements to him if he appears as a witness at trial. The court will defer ruling on the admissibility of such statements until trial. Likewise, the court defers ruling on Coldsmith's request to redact any reference in defense expert Lynch's report to the Ray Coldsmith email until trial. In the event that Agency seeks to elicit testimony from Ray Coldsmith about Coldsmith's statements to him or to admit Mr. Lynch's report during the trial, Coldsmith is permitted to raise appropriate objections at that time.

### C. Coldsmith's Motion to Preclude and Agency's Motion to Permit Coldsmith's Prior Criminal Convictions

Coldsmith seeks to preclude his criminal convictions, while Agency seeks to permit two of Coldsmith's prior criminal convictions. (Docs. 47, 56.) Coldsmith's prior criminal convictions at issue are as follows:

- CP-28-CR-0001249-2003: Simple Assault, a Misdemeanor of the 2nd Degree (two counts), *nolo contendere*;

- CP-28-CR-0000613-2008: Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver ("PWID"), an ungraded Felony, guilty plea;

- CP-28-CR-0000730-2011: Simple Assault, a Misdemeanor of the 2nd Degree, guilty plea;

- CP-21-CR-0002683-2018: Simple Assault, a Misdemeanor of the 2nd Degree, guilty plea; and

- CP-21-CR-0001805-2019: Retail Theft--Take Merchandise, a Summary Offense, guilty plea.

(Doc. 60, pp. 1–2.)

Coldsmith argues that his five prior criminal convictions should be precluded because the prejudicial effect of these convictions grossly outweighs any potential probative value pursuant to Federal Rule of Evidence 609(a)(1). (Doc. 60, pp. 3–4.) Specifically, Coldsmith contends that the 2003 and 2008 convictions should be excluded because they are over ten years old. (*Id.* at 4.) As to the retail theft conviction, Coldsmith argues for exclusion because it was not a crime punishable by death or by imprisonment for more than one year pursuant to Rule 609(a)(1). (*Id.*) Lastly, Coldsmith argues that the retail theft and the 2011 and 2018 simple assault convictions do not qualify as *crimen falsi* offenses under Rule 609(a)(2). (*Id.* at 5–6.)

In contrast, Agency submits that the convictions older than ten years should be admitted as it cannot be determined whether each conviction would have probative value that substantially outweighs their prejudicial effect under Rule 609(b) until evidence is developed at trial. (Doc. 70, p. 5.) In particular, Agency contends that Coldsmith's 2008 PWID conviction will be highly probative if Ray Coldsmith testifies as to whether Coldsmith was on his way to buy drugs on the day of the accident. (*Id.* at 5–6.) Further, in Agency's motion in limine, it argues

that the retail theft conviction should be admitted as a *crimen falsi* offense as permitted by Rule 609(a)(2), while the 2018 simple assault conviction should be admitted under Rule 609(a)(1). (Doc. 57, pp. 4–7.)

Federal Rule of Evidence 609 governs the admissibility of prior convictions for impeachment of witnesses. *United States v. Ponder*, No. 4:16-CR-0056, 2017 WL 2633467, at *1 (M.D. Pa. June 16, 2017). Rule 609 states:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>>
>> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

This rule "is premised on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Ponder*, 2017 WL 2633467 at *1 (quoting *United States v. Montalban*, 604 F. App'x 100, 102 (3d Cir. 2015)).  In deciding whether prior convictions should be admitted, the Third Circuit has developed four factors to consider: "The kind of crime involved; when the conviction occurred; the importance of the witness' testimony to the case; and the importance of the credibility of the defendant." *Id.* at *2 (quoting *Virgin Islands v. Bedford*, 671 F.2d 758, 761 (3d Cir. 1982)).

The court will grant Coldsmith's motion in limine regarding the 2003 simple assault and 2008 PWID convictions because they are older than ten years and have little relation to this case, causing more prejudice to Coldsmith than probative value to Agency.[1]  *See* FED. R. EVID. 609(b); *Shelton v. Gure*, No. 3:19-CV-00843, 2021 WL 2210989, at *8 (M.D. Pa. June 1, 2021) (granting motion in limine due to the age of the conviction in addition to its lack of relation to the instant matter).  Similarly, the court will grant Coldsmith's motion to preclude the 2011 simple assault conviction

---

[1] The fact that Plaintiff had a 2008 conviction for a controlled substance offense does not make it more likely that he was on his way to purchase a controlled substance in 2017 when the collision at issue in this lawsuit occurred.  The passage of nine years from the date of the prior conviction to the instant event render the prior conviction too remote to overcome the prejudice of permitting this conviction to be introduced.

because it has no relevance to this case and would cause unfair prejudice to Coldsmith.  *See* FED. R. EVID. 403, 609(a).

Regarding Coldsmith's 2018 simple assault conviction, the court finds as an initial matter that this conviction meets the requirements for admissibility under Rule 609(a)(1)(A).  However, the court must also analyze this conviction under Rule 403.  Agency argues that admission of this conviction bears on Coldsmith's credibility because the assault that resulted in the conviction occurred after the motorcycle accident, which Coldsmith claims has left him permanently injured and unable to engage in normal activities.  (Doc. 57, pp. 6–7.)  However, when analyzing this conviction under Rule 403, the court finds that the prejudice to Coldsmith from permitting this conviction outweighs any probative value to Agency.  The conviction for simple assault that post-dates the incident at issue in this suit does not shed light on Coldsmith's character for truthfulness.  Accordingly, the court will grant Coldsmith's motion and deny Agency's motion in this regard.

The final conviction to consider is the 2019 conviction for retail theft.  Coldsmith urges the court to consider *Jackson v. City of Pittsburgh*, No. 07-CV-111, 2010 WL 2511380 (W.D. Pa. June 17, 2010), to determine whether retail theft is a *crimen falsi* offense.  (Doc. 60, p. 6.)  In *Jackson*, the court

held that retail theft is a *crimen falsi* offense and relied on decisions from other district courts, including this court, in which the courts concluded that retail theft is a *crimen falsi* crime. *Jackson*, 2010 WL 2511380 at *3 (citing *Chappel v. Folino*, 06-CV-3713, 2009 WL 1422575, at *9 (E.D. Pa. May 20, 2009); *United States v. McIntosh*, 03-CR-0298, 2006 WL 293224 (M.D. Pa. Feb. 7, 2006)). Following *Jackson*, the court finds that Coldsmith's retail theft conviction is a *crimen falsi* offense, and, therefore, implicates Rule 609(a)(2) which requires admission of the conviction regardless of the punishment. Accordingly, the court will deny Coldsmith's motion and grant Agency's motion as to Coldsmith's 2019 retail theft conviction.

### D. Agency's Motion to Permit Evidence of Coldsmith's Traffic Citation

Agency seeks to permit evidence of Coldsmith's traffic citation in relation to the accident at issue. (Doc. 48.) Both Parties agree that the issue of admissibility is governed by federal rather than state law. (Doc. 49, p. 3; Doc. 62, p. 2.) However, Coldsmith argues that the trustworthiness of the citation may be at issue. (Doc. 62, pp. 4–5.) Coldsmith further argues that if the court considers the citation trustworthy, then the prejudicial effect of admitting the citation grossly outweighs its probative value. (*Id.* at 5.)

The court finds that Coldsmith's traffic citation is admissible. To begin, federal law rather than Pennsylvania law governs this issue. *Shelton*, 2021 WL

2210989 at *7 (citing *Salas v. Wang*, 846 F.2d 897, 904 (3d Cir. 1988)).  Thus, under the Federal Rules of Evidence, the court must ask if the evidence is: (1) inadmissible hearsay, and (2) inadmissible under the balancing test of Federal Rule of Evidence 403.  *Id.*

The court will first address whether the Coldsmith's traffic citation is inadmissible hearsay.  When determining whether the traffic citation is inadmissible hearsay, the court must consider the trustworthiness of the citation.  *Id.*  This court has held that a traffic citation is trustworthy when the citation was issued, the plaintiff was charged, and a guilty plea was entered.  *See id.* ("in the present case, the citation was issued, Gure was charged, and a guilty plea was entered.").  Similarly, in the present case, the traffic citation was issued to Coldsmith, Coldsmith was charged with making an illegal u-turn, and he pleaded guilty.[2]  (Doc. 48-2, pp. 14–20.)

The court will then address whether the traffic citation is inadmissible under Rule 403.  The court finds that the probative value of Coldsmith's traffic citation outweighs any prejudicial effect.  Initially, the traffic citation will help the jury determine the facts regarding the cause of the accident.  *See id.* ("First, the issuance

---

[2] Coldsmith contests the trustworthiness of the traffic citation because the original charge was changed; however, Coldsmith does not provide support regarding this contention.  Moreover, even assuming that the original charge was changed, that does not obviously undermine the trustworthiness of the final traffic citation.

of the citation has probative value in helping the jury determine the facts of the accident and whether Gure contributed to the accident."). Further, the traffic citation would not be prejudicial as "'[t]he Third Circuit has specifically held that a plea of guilty to a driving offense is admissible in an action for personal injuries based upon the same facts and circumstances' as the driving offense." *Id.* (quoting *Malantonio v. Boyle*, No. 15-6444, 2017 WL 633997, at *2 (E.D. Pa. Feb. 16, 2017)). Because the court finds that Coldsmith's traffic citation is not inadmissible hearsay and is more probative than prejudicial, the traffic citation is admissible and Agency's motion will be granted.

### E. Agency's Motion to Preclude Expert Testimony

Coldsmith retained Gordon D. Moskowitz ("Moskowitz") as an accident reconstruction expert witness to offer an expert opinion regarding the cause of the collision. Agency seeks to preclude Moskowitz's testimony on the ground that it is unnecessary, because the contested facts and issues involve common knowledge, which the jury can understand without expert testimony. (Doc. 53, p. 4.) Agency further contends that permitting Moskowitz to testify at trial would be prejudicial to Agency because the jury may place undue weight on Moskowitz due to him being an expert, and his testimony will be redundant, improperly bolstering Coldsmith's position. (*Id.* at 4.) In response, Coldsmith argues that Moskowitz's

testimony will provide information and facts not readily available to the jury. (Doc. 64, p. 2.)

In the alternative, Agency argues that if Moskowitz's testimony is not precluded in the entirety, then it should be limited by precluding his testimony regarding the speed and braking of Lehman's vehicle because his opinions on those issues are not made with a reasonable degree of professional certainty. (Doc. 53, p. 6.) In opposition, Coldsmith asserts that Moskowitz's testimony was made with a reasonable degree of certainty as Moskowitz specifies that his conclusions are made to a "reasonable degree of engineering certainty" in each of his three reports. (Doc. 64, p. 5.)

The court agrees with Coldsmith. Moskowitz based his conclusion that Lehman was the sole cause of the accident by using scientific and engineering analyses, which included different formulas. (Doc. 52, p. 2.) Through these analyses, Moskowitz concluded that Lehman was not driving at a two- or three-car-lengths following distance where he could have safely passed Coldsmith's motorcycle. (*See* Doc 52-2, pp. 4–6.) This court has previously stated, "[t]he average juror will not know how long it takes a vehicle to stop on a dry highway traveling at 65 miles per hour given that it requires special calculations that take into account speed, road conditions, and other factors." *Seamans v. Tremontana*, No. 3:13-0698, 2014 WL 4384256, at *4 (M.D. Pa. Sept. 3, 2014). Similarly, in

this case, the jury will not be able to determine whether Lehman was driving at a distance to provide sufficient time to brake and avoid colliding with Coldsmith's motorcycle without Moskowitz's testimony.

Furthermore, the court finds that Moskowitz's opinions are offered with a reasonable degree of professional certainty. Generally, expert opinions will be excluded when "the testimony is speculative, using such language as 'possibility.'" *Shelton*, 2021 WL 2210989 at *11 (quoting *Schultz v. Celotex Corp.*, 942 F.2d 204, 208 (3d Cir. 1991)). Agency relies on *Corrado v. Thomas Jefferson University Hospital*, 790 A.2d 1022, 1031 (Pa. Super. Ct. 2001), in which the court held that after reviewing the expert's testimony in its entirety, the expert did not express the requisite degree of medical certainty by testifying that the doctor "more likely than not" deviated from the standard of care, and the patient "probably" had a 15 months symptoms free status. The expert in *Corrado* gave these responses when asked whether he had an opinion upon reasonable degree of medial certainty. *Id.* The present case is distinguishable. Moskowitz opines that Lehman "apparently did not brake in time or at all" and "likely exceeded the speed limit of 55 miles." (Doc. 52-2, pp. 6–7.) However, Moskowitz supports his contention that Lehman "likely exceeded the speed limit of 55 miles per hour" by explaining that he reached this conclusion based on the fact that Lehman's vehicle collided with Coldsmith's motorcycle and Coldsmith stated that he did not see a vehicle behind

15

him when he began his turn. (*Id.* at 7.) Furthermore, Moskowtiz's opinion that Lehman "apparently did not brake in time or at all" is a conclusion he drew after he provided full explanations and analyses in his report to support his conclusions. *Cf. Shelton*, 2021 WL 2210989 at *11 (finding that the expert's statements were speculative because he did not provide support). Thus, the court will deny Agency's motion to preclude Moskowitz's testimony.

### F. Agency's Motion to Permit Evidence of Coldsmith's Assaultive Behavior

Agency seeks to introduce into evidence a video of Coldsmith assaulting an individual after the accident at issue occurred. (Doc. 58.) Agency contends that the video has probative value in that it rebuts Coldsmith's claims that he is limited in his ability to engage in normal activities and pursuits. (Doc. 59, p. 4.) In response, Coldsmith argues that he has never asserted that he cannot walk, speak, or punch as a result of the injuries he sustained from the accident; and further that Agency has not claimed that punching is a part of Coldsmith's normal activities or affect his ability to earn a living. (Doc. 68, pp. 2–3.) Thus, in Coldsmith's view, the video is "irrelevant and unnecessary" and would therefore result in unfair prejudice against Coldsmith. (*Id.* at 3.)

After reviewing the parties' arguments, the court agrees with Agency. As set forth above, the Federal Rules of Evidence generally provide that relevant evidence is admissible at trial "if it has any tendency to make a fact more or less

probable than it would be without the evidence, and the fact is of consequence in determining the action." FED. R. EVID. 402.  However, relevant evidence may be precluded at trial if its probative value is outweighed by the danger of unfair prejudice, potential to mislead the jury, the danger of needlessly presenting cumulative evidence, prospective to confuse the issues or the possibility of undue delay or waste of time.  FED. R. EVID. 403.  Here, the video evidence showing Coldsmith's physical act of punching an individual is relevant to rebut his claim that he has suffered severe and permanent injuries that render him unable to engage in normal activities and pursuits.  To be sure, the evidence is also prejudicial to Coldsmith.  However, the court finds that the probative value of this evidence is not substantially outweighed by the prejudice to Coldsmith.  Accordingly, Agency's motion will be granted.

## CONCLUSION

For the reasons set forth in detail herein, the court will grant several of the motions in limine, and will deny others.  An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: August 25, 2021